**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| DENIS J. CONLON, NICOLE TRAVIS, DIANE M. MATO, BRIAN J. SCHROEDER, PATRICK A. JACEK, PETER HANSELMANN, and ALEXANDER PASCALE, Individually, on Behalf of The Northern Trust Company Thrift-Incentive Plan, and on Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> THE NORTHERN TRUST COMPANY; THE NORTHERN TRUST COMPANY EMPLOYEE BENEFIT ADMINISTRATIVE COMMITTEE; and KIMBERLY SOPPI, <br><br> Defendants. | ) Case No. 1:21-cv-2940 <br> ) <br> ) <br> ) <br> ) <br> ) Hon. Keri L. Holleb Hotaling <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**[PROPOSED] ORDER PRELIMINARILY APPROVING**
**CLASS ACTION SETTLEMENT, APPROVING PROCEDURE AND**
**FORM OF NOTICE, AND SCHEDULING FINAL APPROVAL HEARING**

This matter having come before the Court on Plaintiffs' Motion for preliminary approval (the "Motion for Preliminary Approval") of a proposed class action settlement of the above-captioned action (the "Action") between Plaintiffs Denis J. Conlon, Diane M. Mato, Brian J. Schroeder, Patrick A. Jacek, Peter Hanselmann, and Alexander Pascale (collectively, "Plaintiffs"), individually, and on behalf of a Class of participants in The Northern Trust Thrift-Incentive Plan (the "Plan"), and Defendants The Northern Trust Company, The Northern Trust Company Employee Benefit Administrative Committee, and Kimberly Soppi (together, "Defendants"), as set forth in the Parties' Class Action Settlement Agreement (the "Settlement Agreement"), and having

duly considered the papers and arguments of counsel, the Court hereby finds and orders as follows:[1]

1.      **Class Findings:** Solely for the purposes of the Settlement, the Court finds that the requirements of Rule 23 of the Federal Rules of Civil Procedure have been met as to the Settlement Class, which is defined as:

> All participants and beneficiaries of The Northern Trust Thrift-Incentive Plan who were invested in The Northern Trust Focus Funds at any time on or after June 1, 2015, through preliminary approval of this Settlement, excluding any persons with responsibility for the Plan's investment or administrative functions.

The Class Period is any time on or after June 1, 2015, through preliminary approval of this Settlement.

A.      The Court finds that Rule 23(a)(1) is satisfied because there are over 14,000 potential class members, making joinder impracticable.

B.      The Court finds that Rule 23(a)(2) is satisfied because there are one or more questions of fact and/or law common to the Settlement Class that can or would be resolved as to the Plan, not only as to individual participants, including: whether the fiduciaries to the Plan breached their duties; whether the Plan suffered losses resulting from each breach of duty; and what Plan-wide equitable and other relief, if any, the Court should impose in light of Defendants' alleged breach of duty.

C.      The Court finds that Rule 23(a)(3) is satisfied because Plaintiffs' claims are typical of the claims of the Settlement Class because they all arise from a Plan-level course of conduct.

---

[1]      For purposes of this Order, if not defined herein, capitalized terms have the same definitions as in the Settlement Agreement, which is incorporated herein by reference.

D.    The Court finds that Rule 23(a)(4) is satisfied because there is no conflict between Plaintiffs' individual interests and the interests of the Settlement Class.  Instead, they share the same objectives, share the same factual and legal positions, and share the same interest in establishing Defendants' liability.  Additionally, Class Counsel is qualified, reputable, and has extensive experience in ERISA fiduciary breach class actions such as this one.

E.    The Court finds that, as required by Rule 23(b)(1), individual members of the Settlement Class pursuing their own claims could result in inconsistent or varying adjudications as to individual members of the Settlement Class that would establish incompatible standards of conduct for Defendants, and that adjudication as to individual class members would, as a practical matter, be dispositive of the interest of other members not parties to the individual adjudications, or would substantially impair or impede those persons' ability to protect their interests.

F.    The Court finds that Rule 23(g) is satisfied because the law firms of Scott+Scott Attorneys at Law LLP, Peiffer Wolf Carr Kane & Conway LLP, and The Law Offices of Michael M. Mulder are capable of fairly and adequately representing the interests of the Settlement Class.  Class Counsel has done substantial work on this case, including significant investigation, both before filing and thereafter, of the underlying merit of Plaintiffs' claims alleged in the Class Action.  Class Counsel is highly experienced in these types of cases and is knowledgeable of the applicable law.

2.    **Settlement Class Certification:** The Court certifies the following class for settlement purposes under Federal Rule of Civil Procedure 23(b)(1):

> All participants and beneficiaries of The Northern Trust Thrift-Incentive Plan who were invested in The Northern Trust Focus Funds at any time on or after June 1, 2015, through preliminary approval of this Settlement, excluding any persons with responsibility for the Plan's investment or administrative functions.

3

The Class Period is any time on or after June 1, 2015, through preliminary approval of this Settlement.

3.     **Appointment of Class Representatives and Class Counsel:** The Court appoints Plaintiffs to represent the Settlement Class and Scott+Scott Attorneys at Law LLP, Peiffer Wolf Carr Kane & Conway LLP, and The Law Offices of Michael M. Mulder as Class Counsel.

4.     **Preliminary Findings Regarding Proposed Settlement:** The Court preliminarily finds that:

A.     The proposed Settlement resulted from extensive arm's-length negotiations;

B.     The Settlement Agreement was executed only after the parties engaged in substantial litigation and after extensive arms-length settlement negotiations had continued within that period;

C.     Class Counsel has concluded that the Settlement Agreement is fair, reasonable, and adequate; and

D.     The Settlement is sufficiently fair, reasonable, and adequate to warrant sending notice of the Settlement to the Settlement Class.

5.     **Fairness Hearing:** An in-person hearing is scheduled at the United States District Court for the Northern District of Illinois Eastern Division, the Honorable Magistrate Judge Keri Holleb Hotaling presiding, at 10:00 a.m. CST on June 10, 2024, in Courtroom 1700, 219 South Dearborn Street, Chicago, IL 60604 to determine, among other issues:

A.     Whether the Settlement Agreement should be approved as fair, reasonable, and adequate;

B.     Whether the Settlement Notice and notice methodology were performed as directed by this Court;

4

C. Whether the motion for attorneys' fees and costs to be filed by Class Counsel should be approved;

D. Whether Service Awards to Plaintiffs should be approved; and

E. Whether the Administrative Expenses specified in the Settlement Agreement and requested by the Parties should be approved for payment from the Gross Settlement Amount.

6. **Establishment of Qualified Settlement Fund:** A common fund is agreed to by the Settling Parties in the Settlement Agreement and is hereby established and shall be known as the *Conlon v. The Northern Trust Co.* Litigation Settlement Fund (the "Settlement Fund" or "Gross Settlement Amount"). The Settlement Fund shall be a "qualified settlement fund" within the meaning of Treasury Regulations §1.468-1(a) promulgated under Section 468B of the Internal Revenue Code. The Settlement Fund shall consist of $6,900,000.00 and any interest earned thereon. Within the time periods set forth in ¶4.2 of the Settlement Agreement, Defendants shall contribute, or cause to be contributed by its insurer(s), the Gross Settlement Amount to the Qualified Settlement Fund. The Settlement Fund shall be administered as follows:

A. The Settlement Fund is established exclusively for the purposes of: (i) making distributions to Plaintiffs and the Settlement Class specified in the Settlement Agreement; (ii) making payments for all settlement administration costs and costs of notice, including payments of all Administrative Expenses specified in the Settlement Agreement; (iii) making payments of all Attorneys' Fees and Costs to Class Counsel as awarded by the Court; (iv) making payments of Service Awards to Plaintiffs as awarded by the Court; and (v) paying employment, withholding, income, and other applicable taxes, all in accordance with the terms of the Settlement Agreement and this Order. Other than the payment of Administrative Expenses or as otherwise

expressly provided in the Settlement Agreement, no distribution shall be made from the Settlement Fund until after the Settlement Effective Date.

B.      The Court appoints Huntington National Bank as the Escrow Agent.

C.      Within the time period set forth in the Settlement Agreement, Defendants or their insurer(s) shall cause an initial amount of $250,000.00 to be deposited into the Settlement Fund.

D.      The Court appoints Analytics Consulting LLC as the Settlement Administrator for providing Settlement Notice, implementing the Plan of Allocation, and otherwise assisting in administration of the Settlement as set forth in the Settlement Agreement.

E.      Within the time period set forth in the Settlement Agreement, Defendants or their insurer(s) shall timely furnish a statement to the Settlement Administrator that complies with Treasury Regulation §1.468B-3(e)(2), which may be a combined statement under Treasury Regulation §1.468B-3(e)(2)(ii) and shall attach a copy of the statement to their federal income tax returns filed for the taxable year in which Defendants or their insurers make a transfer to the Settlement Fund.

F.      Defendants shall have no withholding, reporting, or tax reporting responsibilities with regard to the Settlement Fund or its distribution, except as otherwise specifically identified herein.  Moreover, Defendants shall have no liability, obligation, or responsibility for administration of the Settlement Fund or the disbursement of any monies from the Settlement Fund except for: (1) their obligation to cause the Gross Settlement Amount to be paid; and (2) their agreement to cooperate in providing information that is necessary for settlement administration set forth in the Settlement Agreement.

G.     The Gross Settlement Amount caused to be paid by the Defendants and/or their insurer(s) into the Settlement Fund in accordance with the Settlement Agreement, and all income generated by that amount, shall be *in custodia legis* and immune from attachment, execution, assignment, hypothecation, transfer, or similar process by any person.  Once the Settlement Fund vests, it is irrevocable during its term and Defendants have divested themselves of all right, title, or interest, whether legal or equitable, in the Settlement Fund, if any; provided, however, in the event the Settlement Agreement is not approved by the Court or the Settlement set forth in the Settlement Agreement is terminated or fails to become effective in accordance with its terms (or, if following approval by this Court, such approval is reversed or modified), the Parties shall be restored to their respective positions in this case as of the day prior to the Settlement Agreement Execution Date; the terms and provisions of the Settlement Agreement and this Order shall be void and have no force and effect and shall not be used in this case or in any proceeding for any purpose; and the Settlement Fund and income earned thereon shall be returned to the entity(ies) that funded the Settlement Fund within the time period set forth in the Settlement Agreement.

H.     The Settlement Administrator may make disbursements out of the Settlement Fund only in accordance with this Order or any additional Orders issued by the Court.

I.     Notwithstanding that the Effective Date has not yet occurred, Administrative Costs shall be paid from the Settlement Fund up to the sum of $250,000.00.  Any such costs in excess of $250,000.00 may be paid only with the approval of the Court.

J.     The Settlement Fund shall expire after the Settlement Administrator distributes all of the assets of the Settlement Fund in accordance with Article 5 of the Settlement Agreement, provided, however, that the Settlement Fund shall not terminate until its liability for

7

any and all government fees, fines, taxes, charges, and excises of any kind, including income taxes, and any interest, penalties, or additions to such amounts, are, in the Settlement Administrator's sole discretion, finally determined and all such amounts have been paid by the Settlement Fund.

K.      The Settlement Fund shall be used to make payments to Class Members under the Plan of Allocation set forth in the Settlement Agreement.  Individual payments to Class Members will be subject to tax withholding as required by law and as described in the Class Notice and its attachments.  In addition, all Service Awards, Administrative Expenses, and all Attorneys' Fees and Costs of Class Counsel shall be paid from the Settlement Fund.

L.      The Court and the Settlement Administrator recognize that there will be tax payments, withholding, and reporting requirements in connection with the administration of the Settlement Fund.  The Settlement Administrator shall, in accordance with the Settlement Agreement, determine, withhold, and pay over to the appropriate taxing authorities any taxes due with respect to any distribution from the Settlement Fund, and shall make and file with the appropriate taxing authorities any reports or returns due with respect to any distributions from the Settlement Fund.  The Settlement Administrator also shall determine and pay any income taxes owing with respect to the income earned by the Settlement Fund.  Additionally, the Settlement Administrator shall file returns and reports with the appropriate taxing authorities with respect to the payment and withholding of taxes.

M.      The Settlement Administrator, in its discretion, may request expedited review and decision by the Internal Revenue Service or the applicable state or local taxing authorities, with regard to the correctness of the returns filed for the Settlement Fund and shall establish reserves to assure the availability of sufficient funds to meet the obligations of the

Settlement Fund itself and the Settlement Administrator as fiduciaries of the Settlement Fund. Reserves may be established for taxes on the Settlement Fund income or on distributions.

N.     The Settlement Administrator shall have all the necessary powers, and take all necessary ministerial steps, to effectuate the terms of the Settlement Agreement, including the payment of all distributions. Such powers include receiving and processing information from Former Participants pertaining to their claims and investing, allocating and distributing the Settlement Fund, and, in general, supervising the administration of the Settlement Agreement in accordance with its terms and this Order.

O.     The Settlement Administrator shall keep detailed and accurate accounts of all investments, receipts, disbursements, and other transactions of the Settlement Fund. All accounts, books, and records relating to the Settlement Fund shall be open for reasonable inspection by such persons or entities as the Court orders. Included in the Settlement Administrator's records shall be complete information regarding actions taken with respect to the award of any payments to any person, the nature and status of any payment from the Settlement Fund, and other information which the Settlement Administrator considers relevant to showing that the Settlement Fund is being administered, and awards are being made, in accordance with the purposes of the Settlement Agreement, this Order, and any future orders that the Court may find it necessary to issue.

P.     The Settlement Administrator may establish protective conditions concerning the disclosure of information maintained by the Settlement Administrator if publication of such information would violate any law, including rights to privacy. Any person entitled to such information who is denied access to the Settlement Fund's records may submit a request to the Court for such information. However, the Settlement Administrator shall supply such

information to any claimants as may be reasonably necessary to allow them to accurately determine his or her federal, state, and local tax liabilities.  Such information shall be supplied in the form and manner prescribed by relevant law.

        Q.      This Order will bind any successor Settlement Administrator.  The successor Settlement Administrator(s) shall have, without further act on the part of anyone, all the duties, powers, functions, immunities, and discretion granted to the original Settlement Administrator. Any Settlement Administrator(s) who is replaced (by reason other than death) shall execute all instruments, and do all acts, that may be necessary or that may be ordered or requested in writing by the Court or by any successor Settlement Administrator(s), to transfer administrative powers over the Settlement Fund to the successor Settlement Administrator(s).  The appointment of a successor Settlement Administrator(s), if any, shall not under any circumstances require any of the Defendants to make any further payment of any nature into the Settlement Fund or otherwise.

       7.      **Class Notice:** The Settling Parties have presented to the Court proposed forms of Settlement Notice, which are appended to the Settlement Agreement as Exhibit 3 and Exhibit 4.

        A.      The Court finds that the proposed forms and the website referenced in the Settlement Notice fairly and adequately:

          i.      Describe the terms and effect of the Settlement Agreement and of the Settlement;

         ii.      Notify the Settlement Class concerning the proposed Plan of Allocation;

        iii.      Notify the Settlement Class that Class Counsel will seek compensation from the Settlement Fund for Service Awards to Plaintiffs and Attorneys' Fees and Costs to Class Counsel;

        iv.      Notify the Settlement Class that Administrative Expenses related to the implementation of the Settlement will be paid from the Settlement Fund;

        v.      Give notice to the Settlement Class of the time and place of the Fairness Hearing; and

        vi.      Describe how the recipients of the Notices may object to any of the relief requested and the rights of the Parties to discovery concerning such objections.

        B.      The Parties have proposed the following manner of communicating the notice to Class Members: The Plan's recordkeeper or its designee shall provide the Settlement Administrator with all information necessary to send the Settlement Notices and carry out the Plan of Allocation no later than ten (10) Business Days before the Notices are to be distributed. The Settlement Administrator shall, by no later than forty (40) days after the entry of the Preliminary Approval Order, send the Notices, with such non-substantive modifications thereto as may be agreed upon by the Parties, by email or first-class mail, postage prepaid to Class Members. A Notice shall be sent to: (i) the email address on file with the Plan's recordkeeper for all Participant Class Members, or if no email address is on file, then the last known address of each Participant Class Member and (ii) the last known address of each Former Participant Class Member, each as provided by the Plan's recordkeeper (or its designee), unless an updated address is obtained by the Settlement Administrator through its efforts to verify the last known address provided by the Plan's recordkeeper (or its designee). The Court finds that such proposed manner is the best notice practicable under the circumstances and directs that the Settlement Administrator provide notice to the Settlement Class in the manner described. Defendants shall cooperate with the Settlement

11

Administrator by providing or facilitating the provision of, in electronic format, the names, addresses, email addresses (to the extent available), and social security numbers or other unique identifiers of members of the Settlement Class. The names, addresses, email addresses (to the extent available), and social security numbers or other unique identifiers obtained pursuant to this Order shall be used solely for the purpose of providing notice of this Settlement and as required for purposes of tax withholding and reporting, and for no other purpose.

C.     The Settlement Administrator shall use commercially reasonable efforts to locate any Class Member whose Notice is returned and mail such Notices to those Class Members one additional time.

D.     At or before the Fairness Hearing, Class Counsel or the Settlement Administrator shall file with the Court proof of timely compliance with the foregoing requirements.

E.     On or before the date that the Notices are mailed, the Settlement Administrator shall cause the Notices to be published on the Settlement Website.

F.     Former Participant Class Members must submit a Former Participant Rollover Form to the Settlement Administrator by a date no later than May 27, 2025.

8.     **Objections to Settlement:** Any Class Member who wishes to object to the fairness, reasonableness, or adequacy of the Settlement, to the Plan of Allocation, to any term of the Settlement Agreement, to the proposed award of attorneys' fees and costs, or to any request for Class Representatives' Compensation, must file an objection in the manner set out in this Order.

A.     Class Member wishing to raise an objection to the Plan of Allocation, to any term of the Settlement Agreement, to the proposed award of attorneys' fees and costs, or to any request for Service Awards to Plaintiffs must do the following: (i) file with the Court a written statement that they object to the Settlement in *Conlon v. The Northern Trust Co.*, Case No. 1:21-

cv-2940 (N.D. Ill.), (1) specifying the reason(s), if any, for each such objection made, including

any legal support or evidence that such objector wishes to bring to the Court's attention or

introduce in support of such objection; and (2) including the objector's name, address, telephone

number, signature, and proof of membership in the Settlement Class; and (ii) serve copies of the

objection and all supporting authorities or evidence to counsel for the Parties.  The addresses for

filing objections with the Court and for service of such objections on counsel for the Parties to this

matter are as follows:

> Clerk of the Court
> United States District Courthouse
> Northern District of Illinois
> 219 South Dearborn Street, Courtroom 1425
> Chicago, IL 60604
>
> SCOTT+SCOTT ATTORNEYS AT LAW LLP
> Attn: Kristen M. Anderson
> 230 Park Avenue, 24th Floor
> New York, NY 10169
> *Attorneys for Plaintiffs Denis J. Conlon, Diane M. Mato, Brian J. Schroeder,*
> *Patrick A. Jacek, Peter Hanselmann, and Alexander Pascale*
>
> WILLKIE FARR & GALLAGHER LLP
> Attn: Amanda S. Amert
> 300 North LaSalle Drive, Suite 5000
> Chicago, IL 60654
> *Attorneys for Defendants The Northern Trust Company, The Northern Trust*
> *Company Employee Benefit Administrative Committee, and Kimberly Soppi*

B.      The objector or his, her, or its counsel (if any) must serve copies of the

objection(s) on the attorneys listed above and file it with the Court by no later than May 12, 2025.

C.      If an objector hires an attorney to represent him, her, or it for the purposes

of making such objection pursuant to this paragraph, the attorney must serve a notice of appearance

on the attorneys listed above and file it with the Court by no later than May 12, 2025.

D.      Failure to serve objections(s) on either the Court or counsel for the Parties

shall constitute a waiver of the objection(s).  Any Class Member or other person who does not

timely file and serve a written objection complying with the terms of this Order shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement, and any untimely objection shall be barred.

        E.      Any party wishing to obtain discovery from any objector may, but is not required to, serve discovery requests, including requests for documents and notices of deposition not to exceed two (2) hours in length, on any objector within ten (10) calendar days of receipt of the objection and that any responses to discovery or depositions must be completed within ten (10) calendar days of the request being served on the objector.

        F.      Any party wishing to file a response to an objection must do so, and serve the response on all parties, no later than May 27, 2025.

        **9.**      **Appearance at Fairness Hearing:** Any objector who files and serves a timely, written objection in accordance with the terms of this Order as set out in Paragraph 8 above may also appear at the Fairness Hearing either in person or through counsel retained at the objector's expense. Objectors or their attorneys intending to speak at the Fairness Hearing must serve a notice of intention to speak setting forth, among other things, the name, address, and telephone number of the objector (and, if applicable, the name, address, and telephone number of the objector's attorney) on counsel for the Parties (at the addresses set out above) and file it with the Court by no later than May 12, 2025. Any objector (or objector's attorney) who does not timely file and serve a notice of intention to appear in accordance with this Paragraph shall not be permitted to speak at the Fairness Hearing.

        **10.**      **Service of Papers:** Counsel for the Parties shall promptly furnish each other with copies of all objections that come into their possession.

11. **Termination of Settlement:** If the Settlement is terminated in accordance with the Settlement Agreement, this Order shall become null and void and shall be without prejudice to the rights of the Settling Parties, all of whom shall be restored to their respective positions immediately before the execution of the Settlement Agreement.

12. **Use of Order:** This Order shall not be construed or used as an admission, concession, or declaration by or against the Defendants of any fault, wrongdoing, breach, or liability, or a waiver of any claims or defenses, including, but not limited to, those as to the propriety of any amended pleadings or the propriety and scope of class certification. This Order shall not be construed or used as an admission, concession, or declaration by or against any Plaintiff or the Settlement Class that their claims lack merit, or that the relief requested by Plaintiffs is inappropriate, improper, or unavailable. This Order shall not be construed or used as a waiver by any party of any arguments, defenses, or claims he, she, or it may have, including, but not limited to, any objections by the Defendants to class certification in the event that the Settlement Agreement is terminated.

13. **Parallel Proceedings:** Pending final determination of whether the Settlement Agreement should be approved, Class Members and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, agents, attorneys, predecessors, successors, and assigns, are preliminarily enjoined from suing Defendants, the Plan, or the Released Parties in any action or proceeding alleging any of the Released Claims.

14. **Class Action Fairness Act Notice:** No later than seven (7) days before the Fairness Hearing, Defendants shall cause to be filed with the Court, by affidavit or declaration, proof of Defendants' compliance with 28 U.S.C. §1715(b).

15.      **Continuance of Hearing:** The Court may continue the Fairness Hearing in its discretion without direct notice to the Settlement Class, other than by notice to counsel for the Parties, and any Class Member wishing to appear should check the Court's docket or call the Clerk's office three (3) calendar days before the scheduled date of the Fairness Hearing.  Any changes to the date or time of the Fairness Hearing shall be promptly posted to the Settlement Website.

**IT IS SO ORDERED.**

DATED: January __, 2025                    _____

                                           U.S. Magistrate Judge Keri L. Holleb Hotaling