**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DENIS J. CONLON, DIANE M. MATO, BRIAN J. SCHROEDER, PATRICK A. JACEK, PETER HANSELMANN, and ALEXANDER PASCALE, Individually, on Behalf of The Northern Trust Company Thrift-Incentive Plan, and on Behalf of All Others Similarly Situated, | Case No. 1:21-cv-2940 |
| Plaintiffs, | Hon. Keri L. Holleb Hotaling |
| v. | |
| THE NORTHERN TRUST COMPANY; THE NORTHERN TRUST COMPANY EMPLOYEE BENEFIT ADMINISTRATIVE COMMITTEE; and KIMBERLY SOPPI, | |
| Defendants. | |

**FINAL ORDER AND JUDGMENT**

Upon consideration of the Plaintiffs' Motion for Final Approval of Class Settlement [Dkt. 130] in the above-referenced litigation under the terms of a Class Action Settlement Agreement dated December 6, 2024, ECF No. 117-1 (the "Settlement Agreement"), the Court hereby orders and adjudges as follows:

1.      For purposes of this Order, if not defined herein, capitalized terms have the same definitions as in the Settlement Agreement, which is incorporated herein by reference.

2.      **Class Findings:** Solely for the purposes of the Settlement, the Court finds that the requirements of Rule 23 of the Federal Rules of Civil Procedure have been met as to the Settlement Class, which is defined as:

> All participants and beneficiaries of The Northern Trust Thrift-Incentive Plan who were invested in The Northern Trust Focus Funds at any time on or after June 1, 2015, through preliminary approval of this Settlement, excluding any persons with responsibility for the Plan's investment or administrative functions.

The Class Period is any time on or after June 1, 2015, through January 28, 2025, the date the Court preliminary approved the Settlement.

A. The Court finds that Rule 23(a)(1) is satisfied because there are over 10,000 potential class members, making joinder impracticable.

B. The Court finds that Rule 23(a)(2) is satisfied because there are one or more questions of fact and/or law common to the Settlement Class that can or would be resolved as to the Plan, not only as to individual participants, including: whether the fiduciaries to the Plan breached their duties; whether the Plan suffered losses resulting from each breach of duty; and what Plan-wide equitable and other relief, if any, the Court should impose in light of Defendants' alleged breach of duty.

C. The Court finds that Rule 23(a)(3) is satisfied because Plaintiffs' claims are typical of the claims of the Settlement Class because they all arise from a Plan-level course of conduct.

D. The Court finds that Rule 23(a)(4) is satisfied because there is no conflict between Plaintiffs' individual interests and the interests of the Settlement Class. Instead, they share the same objectives, share the same factual and legal positions, and share the same interest in establishing Defendants' liability. Additionally, Class Counsel is qualified, reputable, and has extensive experience in ERISA fiduciary breach class actions such as this one.

E. The Court finds that, as required by Rule 23(b)(1), individual members of the Settlement Class pursuing their own claims could result in inconsistent or varying adjudications as to individual members of the Settlement Class that would establish incompatible standards of

conduct for Defendants, and that adjudication as to individual class members would, as a practical matter, be dispositive of the interest of other members not parties to the individual adjudications, or would substantially impair or impede those persons' ability to protect their interests.

F.     The Court finds that Rule 23(g) is satisfied because the law firms of Scott+Scott Attorneys at Law LLP, Peiffer Wolf Carr Kane & Conway LLP, and The Law Offices of Michael M. Mulder are capable of fairly and adequately representing the interests of the Settlement Class.  Class Counsel has done substantial work on this case, including significant investigation, both before filing and thereafter, of the underlying merit of Plaintiffs' claims alleged in the Class Action.  Class Counsel is highly experienced in these types of cases and is knowledgeable of the applicable law.

3.     **Settlement Class Certification:** The Court certifies the following class for settlement purposes under Federal Rule of Civil Procedure 23(b)(1):

> All participants and beneficiaries of The Northern Trust Thrift-Incentive Plan who were invested in The Northern Trust Focus Funds at any time on or after June 1, 2015, through preliminary approval of this Settlement, excluding any persons with responsibility for the Plan's investment or administrative functions.

The Class Period is any time on or after June 1, 2015, through January 28, 2025, the date the Court preliminary approved the Settlement.

4.     **Appointment of Class Representatives and Class Counsel:** The Court appoints Plaintiffs to represent the Settlement Class and Scott+Scott Attorneys at Law LLP, Peiffer Wolf Carr Kane & Conway LLP, and The Law Offices of Michael M. Mulder as Class Counsel.

5.     **Settlement Notice:** In accordance with the Court's Preliminary Approval Order, Settlement Notice was timely distributed by electronic or first-class mail to all Class Members who could be identified with reasonable effort, and Settlement Notice was published on the Settlement Website maintained by the Settlement Administrator.  In addition, pursuant to the Class

3

Action Fairness Act, 28 U.S.C. §1711, *et seq.*, notice was provided to the Attorneys General for each of the states in which a Class Member resides, the Attorney General of the United States, and the United States Secretary of Labor.

A.	The form and methods of notifying the Settlement Class of the terms and conditions of the proposed Settlement Agreement met the requirements of Fed. R. Civ. P. 23(c)(2), any other applicable law, and due process, and constituted the best notice practicable under the circumstances. Due and sufficient notice of the Fairness Hearing and the rights of all Class Members have been provided to all people, powers, and entities entitled thereto.

B.	All requirements of the Class Action Fairness Act, 28 U.S.C. §1711, *et seq.*, have been met.

C.	Class Members had the opportunity to be heard on all issues regarding the resolution and release of their claims by submitting objections to the Settlement Agreement to the Court.

6.	**Objections:** No objections have been filed or submitted to any portion of the Settlement, the Settlement Agreement, or the request for an award of Plaintiffs' attorneys' fees, reimbursement of expenses, and service awards for Plaintiffs.

7.	**Settlement Approval:** The Motion for Final Approval of the Settlement Agreement is hereby **GRANTED**, the Settlement of the Action is **APPROVED** as fair, reasonable, and adequate to the Plan and the Settlement Class, and the Parties are hereby directed to take the necessary steps to effectuate the terms of the Settlement Agreement.

A.	The Amended Complaint (ECF No. 25) and all claims asserted therein in the Action are hereby dismissed with prejudice and without costs to any of the Parties and Released Parties other than as provided for in the Settlement Agreement.

B. Named Plaintiffs, the Class Members, and the Plan (on behalf of themselves, their heirs, executors, administrators, successors, and assigns) hereby absolutely and unconditionally, finally and forever release, relinquish, and discharge each and every Plaintiffs' Released Claim that Named Plaintiffs, the Class Members, or the Plan directly, indirectly, derivatively, or in any other capacity ever had, now have or hereafter may have against any and all of the Released Parties, and forever shall be enjoined from prosecuting any such Plaintiffs' Released Claim, whether or not Class Members received the Notice, whether or not the Class Members received a payment in connection with this Settlement Agreement, whether or not Former Participant Class Members received the Notices and/or the Former Participant Class Member Rollover Form, whether or not Former Participant Class Members have executed and delivered a Former Participant Class Member Rollover Form or have missed the Former Participant Rollover Form Deadline, whether or not such Class Members have filed an objection to the Settlement or to any application by Class Counsel for an award of Attorneys' Fees and Costs, and whether or not the objections or claims for distribution of such Class Members have been approved or allowed.

C. Defendants, on behalf of themselves and their successors and assigns hereby fully, finally, and forever release, relinquish and forever discharge the Defendants' Released Claims, and forever shall be enjoined from prosecuting any such claims.

D. The Class Members and the Plan acting individually or together, or in combination with others, shall not sue or seek to institute, maintain, prosecute, argue, or assert in any action or proceeding (including, but not limited to, a U.S. Internal Revenue Service determination letter proceeding, a U.S. Department of Labor proceeding, an arbitration, or a proceeding before any state insurance or other department or commission), any cause of action,

5

demand, or claim adverse to the Released Parties on the basis of, in connection with, or arising out of any of Plaintiffs' Released Claims. Nothing herein shall preclude any action to enforce the Settlement Agreement.

E. Named Plaintiffs, Class Counsel, the Plan, or the Class Members may hereafter discover facts in addition to or different from those that they know or believe to be true with respect to the Plaintiffs' Released Claims. Such facts, if known by them, might have affected the decision to settle with Defendants, or the decision to release, relinquish, waive, and discharge the Plaintiffs' Released Claims, or the decision of a Class Member not to object to the Settlement. Notwithstanding the foregoing, each Class Member and the Plan hereby fully, finally, and forever settled, released, relinquished, waived, and discharged any and all Plaintiffs' Released Claims, including Unknown Claims. The Class Members and the Plan acknowledge that the foregoing waiver was bargained for separately and is a key element of the Settlement embodied in this Settlement Agreement of which this release is a part.

F. Defendants, Released Parties, and Defense Counsel may hereafter discover facts in addition to or different from those that they know or believe to be true with respect to the Defendants' Released Claims. Such facts, if known by them, might have affected the decision to settle with Named Plaintiffs, or the decision to release, relinquish, waive, and discharge the Defendants' Released Claims. Notwithstanding the foregoing, each Defendant and Released Party hereby fully, finally, and forever settled, released, relinquished, waived, and discharged any and all Defendants' Released Claims, including Unknown Claims. Defendants and Released Parties acknowledge that the foregoing waiver was bargained for separately and is a key element of the Settlement embodied in this Settlement Agreement of which this release is a part.

6

G. Named Plaintiffs, Class Members, the Plan, Defendants, and Released Parties hereby settle, release, relinquish, waive and discharge any and all rights or benefits they may now have, or in the future may have, under any law relating to the releases of unknown claims, including specifically Section 1542 of the California Civil Code, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

Also, Named Plaintiffs and Class Members with respect to Plaintiffs' Released Claims and Defendants and Released Parties with respect to Defendants' Released Claims hereby waive any and all provisions, rights, and benefits conferred by any law of any State or territory within the United States or any foreign country, or any principle of common law, which is similar, comparable, or equivalent in substance to Section 1542 of the California Civil Code

8. **No Admission:** Defendants and the Released Parties deny any and all wrongdoing or liability in connection with any claims which have been made or could have been made, or which are the subject of, arise from, or are connected, directly or indirectly, with or related in any way to the Action. The Released Parties deny that any violation of any law, rule, or regulation has ever occurred in connection with any of the allegations, acts, omissions, purported conflicts, representations, misrepresentations, facts, events, matters, transactions, or occurrences asserted in the Action.

9. **Jurisdiction:** The Court finds that it has subject matter jurisdiction over the claims herein and personal jurisdiction over Class Members herein pursuant to the provisions of ERSIA, and expressly retains that jurisdiction for purposes of enforcing this Final Order and the Settlement Agreement. Any motion to enforce Paragraph 7 of this Final Order or the Settlement Agreement, including by way of injunction, may be filed in this Court, and the provisions of the Settlement

Agreement and/or this Final Order may also be asserted by way of an affirmative defense or counterclaim in response to any action that is asserted to violate the Settlement Agreement.

10. **Plan of Allocation:** The Settlement Administrator shall have final authority to determine Final Entitlement Amount to be allocated to each Class Member.

A. With respect to payments or distributions to Former Participant Class Members, all questions not resolved by the Settlement Agreement shall be resolved by the Settlement Administrator in its sole and exclusive discretion.

B. With respect to any matters that arise concerning the implementation of distributions to Participant Class Members (after allocation decisions have been made by the Settlement Administrator in its sole discretion), all questions not resolved by the Settlement Agreement shall be resolved by the Plan administrator or other fiduciaries of the Plan in accordance with applicable law and the governing terms of the Plan.

11. Upon entry of this Order, all Class Members shall be bound by the Settlement Agreement and by this Final Order.

**IT IS SO ORDERED.**

DATED: July 29, 2025

_____
HON. KERI L. HOLLEB HOTALING
UNITED STATES MAGISTRATE JUDGE

8